IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HAROLD TUNNELL ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. CIV-23-055-GLJ |
| ) | |
| STATE FARM FIRE AND ) | |
| CASUALTY COMPANY, ) | |
| ) | |
| Defendant. ) | |

# **ORDER**

This matter comes before the Court on Plaintiff's Motion to Strike Defendant's Improper In Limine and Daubert Motions, and Opening Brief in Support [Docket No. 61] and Plaintiff's Emergency Motion for Expedited Consideration of Motion to Strike [Docket No. 62]. For the reasons set forth below, Plaintiff's Emergency Motion for Expedited Consideration of Motion to Strike [Docket No. 62] is GRANTED and Plaintiff's Motion to Strike Defendant's Improper In Limine and Daubert Motions, and Opening Brief in Support [Docket No. 61] is GRANTED IN PART and DENIED IN PART.

On February 26, 2024, the Court entered the Third Amended Scheduling Order that set out, *inter alia*, a June 3, 2024 deadline for "MOTIONS IN LIMINE and DAUBERT MOTIONS CUTOFF (Only One combined motion per party is allowed, without prior leave of Court.)." On June 3, 2024, Defendant filed a Daubert motion and three separate motions in limine. Specifically, Defendant filed: (1) Defendant State Farm Fire and Casualty Company's Motion to Exclude Testimony of Gary Layne Blagg, and Brief in Support [Docket No. 57]; (2) Defendant State Farm Fire and Casualty Company's Motion in Limine

1

Regarding Estimates that Utilize Pricing that Post-Dates the Dates of Loss [Docket No. 55]; (3) Defendant State Farm Fire and Casualty Company's Omnibus Motion in Limine and Brief in Support [Docket No. 56]; and (4) Defendant State Farm Fire and Casualty Company's Motion in Limine Regarding Punitive Damages and Brief in Support [Docket No. 59]. Defendant did not seek leave to file multiple motions in limine. The three motions in limine combined comprise over 40 pages of briefing, which exceeds the 25-page limit in LCvR 7.1(c).

Plaintiff moved to strike Defendant's Daubert motion and all three motions in limine because Defendant did not comply with the "[o]nly one combined motion per party" directive set forth in the Third Amended Scheduling Order. *See* Docket No. 61, p. 1. Although the Court acknowledges that the scheduling order language could be interpreted as requiring only one combined Daubert and motion in limine, that is not the intent. Motions in limine and motions under *Daubert v. Merrell Dow Pharma, Inc.*, 509 U.S. 579 (1993) are separate and distinct motions under the Federal Rules of Civil Procedure and the Federal Rules of Evidence. As such, pursuant to the Third Amended Scheduling Order, parties are permitted to file only one combined Daubert motion and only one combined motion in limine without prior leave of court. Moreover, any such motions must also abide by the page limitation set forth in LCvR 7.1(c) unless leave of court is obtained thereunder. Therefore, Defendant's multiple motions in limine violated the Third Amended Scheduling Order and Defendant State Farm Fire and Casualty Company's Motion in Limine Regarding Estimates that Utilize Pricing that Post-Dates the Dates of Loss [Docket No. 55], Defendant State Farm Fire and Casualty Company's Omnibus Motion in Limine and

Brief in Support [Docket No. 56], and Defendant State Farm Fire and Casualty Company's Motion in Limine Regarding Punitive Damages and Brief in Support [Docket No. 59] are hereby stricken.

Moreover, the parties are reminded that "Courts look with disfavor on motions in limine 'the gist of which is that the opposing party should be required to comply with the rules of evidence . . . without identifying specific evidence which there is reason to believe may be introduced.'" *Kimzey v. Diversified Servs., Inc.*, 2017 WL 131614, at *1 (D. Kan. Jan. 13, 2017) (quoting *Graham v. Union Pacific R.R. Co.*, 2008 WL 4643292, at *1 (E.D. Ark. Oct. 17, 2008)) (denying a "purely generic" motion in limine); *Walsh*, 2009 WL 3755553, at *2 (("A court is within its discretion to deny a motion in limine that fails to identify the evidence with particularity or to present arguments with specificity. Motions in limine which exclude broad categories of evidence should rarely be granted. The better practice is to address the issues of admissibility as they arise.").

Accordingly, IT IS HEREBY ORDERED THAT Plaintiff's Emergency Motion for Expedited Consideration of Motion to Strike [Docket No. 62] is GRANTED and Plaintiff's Motion to Strike Defendant's Improper In Limine and Daubert Motions, and Opening Brief in Support [Docket No. 61] is GRANTED as to Defendant State Farm Fire and Casualty Company's Motion in Limine Regarding Estimates that Utilize Pricing that Post-Dates the Dates of Loss [Docket No. 55], Defendant State Farm Fire and Casualty Company's Omnibus Motion in Limine and Brief in Support [Docket No. 56], and Defendant State Farm Fire and Casualty Company's Motion in Limine Regarding Punitive Damages and Brief in Support [Docket No. 59], but DENIED as to Defendant State Farm Fire and

3

Casualty Company's Motion to Exclude Testimony of Gary Layne Blagg, and Brief in Support [Docket No. 57].  Defendant is further granted until June 14, 2024, to file one combined motion in limine in accordance with this Order and LCvR 7.1

IT IS SO ORDERED this 10th day of June 2024.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**